Stephanie Van Marter
Acting United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 3 0 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:25-CR-0076-TOR |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT |
| v. | ) | |
| | ) | |
| JOSE MARTIN SANCHEZ-CABANILLAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff United States of America, by and through Stephanie Van Marter, Acting United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, JOSE MARTIN SANCHEZ-CABANILLAS ("Defendant"), both individually and by and through Defendant's counsel, Carter Powers-Beggs, agree to the following Plea Agreement:

1.    Guilty Plea and Maximum Statutory Penalties:

Defendant agrees to enter a plea of guilty to the Indictment charging Defendant with Alien in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(8), a Class C felony.

Defendant understands the following potential penalties apply:

a.    a term of imprisonment of not more than 15 years;

b.    a term of supervised release of not more than 3 years;

PLEA AGREEMENT - 1

     c.    a fine of up to $250,000; and

     d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>:

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

     a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

     b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

     c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>Potential Immigration Consequences of Guilty Plea</u>:

If Defendant is not a citizen of the United States, Defendant understands the following:

     a.    pleading guilty in this case may have immigration consequences;

     b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

     c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

PLEA AGREEMENT - 2

    d.     no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

4.     The Court is Not a Party to the Plea Agreement:

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a.     sentencing is a matter solely within the discretion of the Court;

    b.     the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c.     the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d.     the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e.     the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f.     the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5.     Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.     The right to a jury trial;

    b.     The right to see, hear and question the witnesses;

    c.     The right to remain silent at trial;

    d.     The right to testify at trial; and

PLEA AGREEMENT - 3

e.    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Elements of the Offense:

The United States and Defendant agree that to convict Defendant of Alien in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(8), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about April 22, 2025, in the Eastern District of Washington, Defendant knowingly possessed a firearm, to wit: a Kimber Stainless LW .45 ACP caliber pistol bearing serial number 973428;
>
> *Second*, at the time Defendant possessed the firearm, he was an alien illegally and unlawfully in the United States;
>
> *Third*, at the time Defendant possessed the firearm, he knew he was an alien illegally and unlawfully in the United States; and
>
> *Fourth*, the firearm Defendant possessed travelled in or affected interstate or foreign commerce.

7.    Statement of Facts and Stipulation:

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

PLEA AGREEMENT - 4

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

On April 22, 2025, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the Drug Enforcement Administration ("DEA") executed a federal search warrant at Defendant's residence in the Warden, Washington area. Defendant was located in his bedroom in the residence. During the execution of the search warrant, DEA located a large gun safe in Defendant's bedroom along with a loaded Kimber Stainless LW .45ACP caliber pistol bearing serial number 973428 sitting in plain view on a dresser in the room. Defendant provided a post-*Miranda* statement and gave the code to a safe in his bedroom. In the safe, DEA located Defendant's Mexico passport next to a loaded AR-15 style rifle with no readily identifiable markings, which was capable of fully automatic fire.

The United States Border Patrol determined Defendant was not lawfully in the United States. Defendant stipulates and agrees he was aware of the fact he was unlawfully present in the United States when he possessed the firearms.

An ATF Nexus expert has examined the Kimber firearm and determined the firearm was not manufactured in the State of Washington and therefore had travelled in interstate or foreign commerce.

8.    The United States Agrees Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

PLEA AGREEMENT - 5

9.    <u>United States Sentencing Guideline Calculations:</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations:

a.    *Base Offense Level and Relevant Conduct:*

The parties agree and stipulate Defendant's Base Offense Level is 20 as he was prohibited from possessing a firearm and possessed a firearm described in 26 U.S.C. § 5845(a). *See* USSG §2K2.1(a)(4)(B).

b.    *Specific Offense Characteristics:*

The United States and Defendant agree no specific offense characteristics apply. *See generally* USSG §2K2.1(b).

c.    *Role Adjustments:*

The United States and Defendant agree to recommend no role adjustment applies. *See* USSG §§3B1.1; 3B1.2.

d.    *Acceptance of Responsibility:*

The United States will recommend that Defendant receive a 3-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b) if Defendant does the following:

    i.       accepts this Plea Agreement;

    ii.      enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.     demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.     provides complete and accurate information during the sentencing process; and

    v.      does not commit any obstructive conduct.

PLEA AGREEMENT - 6

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

e.    *Agreements Regarding Representations to the Court*:

The United States has a duty of candor to the tribunal.  If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

Regarding all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i.    The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii.    The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii.    The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv.    The United States and Defendant may each present and argue information that may already be known to the Court,

PLEA AGREEMENT - 7

including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii. The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

PLEA AGREEMENT - 8

     ix.     Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

    f.   *No Other Agreements*:

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    g.   *Criminal History*:

The United States and the Defendant have made no agreement and make no representations as to the Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigative Report is completed.

10.   Length of Incarceration[1]:

The United States and Defendant jointly agree to recommend a term of incarceration of 24 months.

---

[1] At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

PLEA AGREEMENT - 9

11. Supervised Release:

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a. that Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release;

    b. that Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer; and

    c. that Defendant not return to the United States without permission.

12. Criminal Fine:

The United States and Defendant agree to recommend the Court impose no criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. Administrative Forfeiture:

Defendant agrees to voluntarily forfeit any and all right, title, and interest he has in any and all assets seized on or about April 22, 2025 by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), to ATF, including, but not limited to:

PLEA AGREEMENT - 10

- a Kimber Stainless LW .45ACP caliber pistol bearing serial number K973428.

Defendant agrees not to contest the forfeiture of assets in any administrative forfeiture proceedings initiated against said assets by ATF, and hereby agrees to execute any and all forms, documents, and pleadings necessary to effectuate the administrative forfeiture of the assets seized by ATF in this matter. Defendant consents to ATF's forfeiture, destruction, and/or return of assets to lawful owners, without further notice.

Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any assets covered by this agreement.

14. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment per count of conviction to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013.

15. Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Additional Violations of Law Can Void Plea Agreement:

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

//

//

//

PLEA AGREEMENT - 11

17.   Waiver of Appeal and Collateral Attack Rights:

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. Defendant expressly waives his right to appeal his conviction and/or sentence.

Defendant also expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18.   Withdrawal or Vacatur of Defendant's Plea:

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.   this Plea Agreement shall become null and void;

    b.   the United States may prosecute Defendant on all available charges;

    c.   the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.   the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

PLEA AGREEMENT - 12

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19.    Integration Clause:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Stephanie Van Marter
Acting United States Attorney


_____          7/30/25
Caitlin Baunsgard                          Date
Assistant U.S. Attorney

PLEA AGREEMENT - 13

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. My attorney has advised me that by pleading guilty to the charges relevant to this Plea Agreement, as of this date deportation appears to be a virtual certainty. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_Jose Martin Sanchez Cabanillas_    07/30/25
JOSE MARTIN SANCHEZ-CABANILLAS    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with Defendant. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I have further advised my client by pleading guilty to the charges relevant to this Plea Agreement, as of this date deportation appears to be a virtual certainty. I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_signature_    7/30/25
Carter Powers-Beggs    Date
Attorney for the Defendant

I hereby certify that I have read and translated the entire foregoing document to Defendant in a language with which Defendant is conversant. If questions have

PLEA AGREEMENT - 14

arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions.

Interpreter

Date 7/30/25

PLEA AGREEMENT - 15